JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-00124 JGB (SPx) | Date | May 22, 2025 |
|---|---|---|---|
| Title | *Charles Michels v. Walmart Inc. et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order GRANTING Plaintiff's Motion to Remand (Dkt. No. 14) (IN CHAMBERS)

Before the Court is a motion to remand filed by Plaintiff Charles Michels ("Plaintiff" or "Michels"). ("Motion," Dkt. No. 14.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The hearing on June 2, 2025 is **VACATED**. The parties' requests to appear remotely (Dkts. No. 23, 26) are **DENIED AS MOOT**.

## I.    BACKGROUND

On December 2, 2024, Plaintiff filed a complaint in Riverside County Superior Court against Defendants Walmart, Inc. ("Walmart"), Julio Caridad ("Caridad") and Does 1 through 20. ("Complaint," Dkt. No. 1-1.) On January 16, 2025, Walmart removed the action to this Court. ("Notice of Removal," Dkt. No. 1.)

On February 11, 2025, Plaintiff filed a first amended complaint, alleging eleven causes of action: (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of FEHA; (3) harassment in violation of FEHA; (4) failure to prevent harassment in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent retaliation in violation of FEHA; (7) wrongful termination in violation of public policy; (8) failure to engage in a timely good faith interactive process in violation of FEHA; (9) failure to provide reasonable accommodation; (10) retaliation in violation of Labor Code 1102.5; and (11) retaliation in violation of Labor Code 6310. ("FAC," Dkt. No. 13.) On February 24, 2025, Walmart answered the FAC. ("Answer," Dkt. No. 15.)

On February 18, 2025, Plaintiff filed the Motion. On March 10, 2025, Walmart opposed the Motion. ("Opposition," Dkt. No. 17.) On March 14, 2025, Plaintiff replied. ("Reply," Dkt. No. 18.)

## II.    LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

## III.    DISCUSSION

### A.  Remand

Plaintiff seeks to remand this case on the grounds that it lacks complete diversity. (Motion at 1–2.) Plaintiff argues that he and Caridad are both citizens of California. (Motion at 4.) Walmart does not dispute Caridad's citizenship, but argues that Caridad's citizenship should be disregarded because he was fraudulently joined. (Opposition at 5.)

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (citations omitted). Fraudulent joinder is established on that ground if the individuals "joined in the action cannot be liable on any theory." Id. (citation omitted). However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (emphasis in original) (citation omitted). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [Plaintiff Michels] has failed to state a claim against [Caridad]." Hunter, 582 F.3d at 1046.

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on its claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." Grancare, 889 F.3d at 548. By contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id. at 548–49 (citing Hunter, 582 F.3d at 1046). There is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden," Hunter, 582 F.3d at 1046, particularly since "[f]raudulent joinder must be proven by clear and convincing evidence," Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

It is important to note that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, 889 F.3d at 549. Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." Id. at 550. Instead, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. "If the plaintiff could cure this deficiency by amending his or her complaint, then fraudulent joinder does not obtain." Browand v. Ericsson Inc., 2018 WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).

Walmart argues that "the allegations in [Plaintiff's] Complaint[] are conclusory and fail to state any fact upon which an actionable harassment claim could possibly be stated against Caridad." (Opposition at 9.) Plaintiff asserts one cause of action against Caridad for harassment in violation of the Fair Employment and Housing Act ("FEHA"). (FAC ¶¶ 58-62.)[1] To establish a claim for harassment under FEHA, "a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013).

The Court's fraudulent joinder analysis does not ask whether Plaintiff will succeed on the merits of his claims or whether he would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Instead, the Court simply must determine whether there is any possibility that Plaintiff can state a claim. While Plaintiff has not pled his FEHA harassment claim in great detail, he has pled sufficient facts to raise at least a possibility that he will be able to state a claim to the satisfaction of the state court. Plaintiff alleges he "is over the age of 40 and suffered from a

---

[1] Defendant cites to Kruso v. Int'l Tel/ & Tel. Corp., 872 F.2d 1416, 1426 n. 12 (9th Cir. 1989) for the proposition that where fraudulent joinder is an issue, the review of an amended complaint is improper. However, the analysis in Kruso is not applicable here. In Kruso, the plaintiffs filed a motion for reconsideration of the order denying their motion to remand and attached a *proposed* first amended complaint. The court found no basis to reconsider its prior ruling and refused to consider allegations made in the unfiled, proposed amended complaint. Here, Plaintiff filed his FAC as a matter of right and the FAC is the operative complaint. Accordingly, the Court considers the allegations pled in the FAC.

disability of various medical issues for which he was taking water pills and had to use the restroom excessively and far more than non-disabled employees." (FAC ¶ 11.)  Plaintiff argues he was subject to "unwelcome harassment on the basis of" his age and disability.  (Id. ¶ 19.)  Plaintiff alleges Caridad "made several harassing statements that Plaintiff was taking too many bathroom breaks" including telling Plaintiff he "should work outside so he could hide behind a tree when he was urinating."  (Id. ¶¶ 21-22.)  Plaintiff further alleges that "[t]he harassing conduct or comments were sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment."  (Id. ¶ 20.)  On the face of these allegations, it is at least possible that a state court could find that Plaintiff states a cause of action under FEHA, particularly since California courts apply lenient pleading standards.  See Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co., 81 Cal. App. 5th 96, 104–05 (2022) (noting that California courts must assume the truth of all alleged facts regardless of their improbability); Golden v. Microsoft Corp., 727 F. Supp. 3d 867, 873 (N.D. Cal. 2024).  Even if Plaintiff's allegations did not presently state a claim, "[s]ubstantial case law supports the proposition that if a plaintiff could amend a complaint to cure any deficiencies, the removing party's high burden of proving fraudulent joinder is not met."  Brown v. Beazley USA Servs., Inc., 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025).

      While it is true that an "employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial" and instead must "show a concerted pattern of harassment of a repeated, routine, or a generalized nature," a "single incident of severe abuse can constitute a hostile work environment."  Freitag v. Ayers, 468 F.3d 528, 540 (9th Cir. 2006); Perata v. City & Cnty. of San Francisco, 2023 WL 4537695, at *11 (N.D. Cal. July 13, 2023) (citing Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 283–84 (2006)).  To determine whether conduct is so pervasive or severe as to create an "abusive work environment," courts analyze the "totality of the circumstances," including "the frequency of the discriminatory/harassing conduct; the severity of the conduct; whether the conduct was physically threatening, humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Ludovico v. Kaiser Permanente, 57 F. Supp. 3d 1176, 1194 (N.D. Cal. 2014).  Such analysis would be misplaced here.  In addressing claims of fraudulent joinder, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," meaning that "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Hunter, 582 F.3d at 1044.  "[T]he Court does not need to determine whether the alleged harassment was so severe as to create a hostile work environment.  The fact that [Plaintiff Michels's] FEHA claim could proceed in state court is itself sufficient to overcome [Walmart's] claims of fraudulent joinder."  Xie v. Wal-Mart Assocs., Inc., 2025 WL 1135082, at *3 (N.D. Cal. Apr. 17, 2025).

      Since Plaintiff Michels and Defendant Caridad are both citizens of California and since Caridad has not been fraudulently joined in this matter, there is no complete diversity, and the Court lacks diversity jurisdiction.  Accordingly, Plaintiff's Motion to remand is **GRANTED**.

//

### B. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs incurred as a result of the removal. (Motion at 7.) To award fees to a prevailing party on remand, the Court must find that the original removal lacked any "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp. 546 U.S. 132, 141 (2005) (absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal). Removal is not objectively unreasonable solely because the removing party's arguments are unpersuasive and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc. 518 F.3d 1062, 1065 (9th Cir. 2008) (denying fees despite noting there was "no question" that the defendant's arguments "were losers"). Here, there is no basis to conclude that Defendants' removal was made with the bad faith courts have found necessary to justify imposition of costs and fees. See, e.g., Concept Chaser Co., Inc. v. Pentel of Am. Ltd., 2011 WL 4964963 at *3 (C.D. Cal. Oct. 18, 2011); Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004); Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Accordingly, Plaintiff's request for attorney's fees and costs is **DENIED**.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to remand (Dkt. No. 14), and **REMANDS** the case to the Riverside County Superior Court. The Clerk is directed to close the file. The June 2, 2025 hearing is **VACATED**. The parties' requests to appear remotely (Dkts. No. 23, 26) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**